No. A–316 (91–6255). SIGGERS ET AL. *v.* TUNICA COUNTY BOARD OF SUPERVISORS ET AL. D. C. N. D. Miss. Application for injunction and stay pending appeal, presented to JUSTICE SCALIA, and by him referred to the Court, denied.

JUSTICE BLACKMUN, with whom JUSTICE STEVENS and JUSTICE O'CONNOR join, dissenting.

I would grant the stay. In my judgment, appellants have shown both a reasonable likelihood that four Justices will vote to note probable jurisdiction as well as a "fair prospect" of success on the merits. *Lucas* v. *Townsend,* 486 U. S. 1301, 1304 (1988) (KENNEDY, J., in chambers). In addition, I think the equities favor the appellants. See *id.,* at 1305.

On May 14, 1991, the county submitted a reapportionment plan to the Attorney General for preclearance under § 5 of the Voting Rights Act of 1965. That section provides that if the Attorney General does not object to a proposed plan within 60 days, the plan is deemed approved. See 42 U. S. C. § 1973c.

On June 24, the Department of Justice requested additional information. On July 12, 59 days after the county originally submitted its preclearance request, the Chief of the Justice Department's Voting Rights Section dispatched a letter to appellee announcing that

> "the sixty-day period for the changes now before us will now run concurrently with receipt of all the supplemental information. Therefore, by September 3, 1991, we will make a determination on the instant changes. See the Procedures for the Administration of Section 5 (28 C. F. R. 51.39)."

On September 3, the Justice Department denied preclearance, finding that the county had not met its burden of showing that its redistricting and electoral plan "has neither a discriminatory purpose nor a discriminatory effect."

On September 13, a three-judge District Court denied appellants' motion for an injunction. Appellants filed their request for injunctive relief in this Court on October 13. Due to an error in

the Clerk's Office of this Court, the filing was not renewed here until October 31.

Section 5 requires political subdivisions to obtain either judicial or administrative preclearance before implementing a voting change. "If voting changes subject to §5 have not been precleared, §5 plaintiffs are entitled to an injunction prohibiting the [political subdivision] from implementing the changes." *Clark* v. *Roemer*, 500 U. S. 646, 652–653 (1991).

The District Court ignored this clear directive because it erroneously believed that the plan was precleared by the Attorney General's failure to interpose an objection within 60 days. Within the original 60-day period, the Attorney General requested additional information, which reset the 60-day clock under §5. We have upheld the Attorney General's authority to extend the time for consideration. *Georgia* v. *United States*, 411 U. S. 526, 539–541 (1973). Therefore, the Attorney General's September 3 objections were interposed in a timely fashion, and the plan was not precleared.

The District Court also erred in declining to enjoin the election on the grounds that substantial resources had already been expended. We rejected that argument last Term in *Clark* v. *Roemer*. The facts that the electoral process already had begun and candidates had expended time and resources on the election are not persuasive reasons to depart from §5's preclearance mandate. *Clark*, 500 U. S., at 653.

The equities, in my view, also balance in favor of appellants. The Department of Justice argues that we should not grant the application for an injunction, although the District Court erred in refusing to enjoin the election, because appellants delayed too long in filing their motion to enjoin.

In July when it became apparent that Tunica County intended to move ahead with the election despite the Department of Justice's July 12 letter informing them of an ongoing investigation, appellants filed for a temporary restraining order in District Court. After the September 3 denial of preclearance, appellants immediately sought a preliminary injunction. After the September 13 decision of the three-judge District Court, appellants filed a motion for injunctive relief in this Court within 30 days. Appellants have displayed no lack of diligence in challenging this election.

Indeed, it is the county that has contributed substantially to the injury that will be caused by enjoining the election at this late date. The parties and candidates had notice on June 24 and again on July 12 that the Department of Justice was concerned, and that preclearance might not be forthcoming on September 3. Since September 3 they have known that the Department of Justice did not preclear the election. Despite this notice, the county continued with election preparations. The mere passage of time does not create a balance of equities in the county's favor in the face of the county's failure to comply with the requirements of the Voting Rights Act of 1965.

For the foregoing reasons, I would grant the application for an injunction.